[Cite as *State ex rel. Weiss v. Murphy*, 2026-Ohio-2616.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. ERIC WEISS,    :

    Relator,    :

                           :         No. 116589

    v.    :

THE HON. MOLLIE ANN MURPHY,    :

    Respondent.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** July 8, 2026

---

Writ of Mandamus
Order No. 596562

---

### *Appearances:*

Eric Weiss, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget E. Dever, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} On June 10, 2026, the relator, Eric Weiss, commenced this mandamus action against the respondent, Judge Mollie Murphy. Weiss seeks in the underlying case, *State v. Weiss,* Cuyahoga C.P. No. CR-02-425240-ZA, to compel the respondent judge (1) to vacate a June 8, 2026 journal entry denying the motion

for appointment of counsel, (2) issue findings of fact and conclusions of law on all motions relating to his postconviction-relief petition and the petition itself, and (3) schedule an evidentiary hearing on his postconviction-relief petition within 30 days. For the following reasons, this court sua sponte denies the application for a writ of mandamus.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}   In the underlying case in 2003, the court found Weiss guilty of failure to comply with the order of a peace officer and two counts of felonious assault with a peace officer specification. The court imposed an aggregate sentence of four years.

{¶ 3}   In May 2026, Weiss filed the following motions in the underlying case:  (1) petition for postconviction-relief, (2) motion to excuse time limitations, (3) motions for discovery to the clerk of courts and to the prosecutor's office, (4) motion for appointment of counsel, (5) motion for sanctions for spoliation of evidence, (6) motion to set hearing and (7) motion to disqualify the prosecutor's office.   On May 29, 2026, the respondent judge summarily denied the motions for discovery.  On the next day, Weiss moved for reconsideration of the denial of the discovery motions.  On June 8, 2026, the respondent judge summarily denied the motions for reconsideration and appointment of counsel.   Weiss then commenced this mandamus action.

{¶ 4}   On June 11, 2026, Weiss filed an amended or supplemental petition in which he complained that the respondent judge summarily denied his motion to disqualify the prosecutor's office approximately 90 minutes after the prosecutor

filed his brief in opposition. Weiss argued that this violated his due-process rights by precluding him from filing a reply brief. On June 17, 2026, Weiss filed another supplemental petition complaining that the respondent's summary one-sentence denial of his motion for reconsideration of the order denying his motion to disqualify the prosecutor's office did not provide the required findings of fact and conclusions of law necessary for meaningful appellate review.

## LEGAL ANALYSIS

{¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Wilmore v. Hayes,* 2013-Ohio-4716, ¶ 6 (8th Dist.). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d

43 (8th Dist. 1993). This court also has discretion in issuing a writ of mandamus. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph seven of the syllabus.

{¶ 6} R.C. 2953.21(H) provides that a court must make findings of fact and conclusions of law for postconviction-relief petitions. Weiss argues that this requirement applies to all motions relating to a postconviction-relief petition. This premise is ill-founded. The subsection (H) requirement applies only to the petition itself and not to supporting motions. "Generally, findings of fact and conclusions of law are not required for ruling on a motion other than an authentic postconviction-relief petition under R.C. 2953.21." *State ex rel. Jefferson v. Russo,* 2008-Ohio-135, ¶ 3 (8th Dist.), and *State v. Minter,* 2015-Ohio-23, ¶ 5 (8th Dist.). In *State ex rel. Peterson v. Cuyahoga Cty. Common Pleas Court Judge,* 2010-Ohio-4501 (8th Dist.), the relator sought, inter alia, findings of fact and conclusions of law for motions for new trial based on newly discovered evidence and a motion for notice of plain error. In denying the application for mandamus, this court stated: "Generally, findings of fact and conclusions of law are not required for resolving motions." *Id.* at ¶ 2. Similarly, this court ruled that findings and conclusions were not required for motions for a journal entry, to take judicial notice, and to correct the case docket. *State ex rel. Austin v. Fuerst,* 2020-Ohio-928.

{¶ 7} Moreover, appeal is the adequate remedy at law to contest the absence of findings of fact and conclusions of law. This precludes the use of mandamus to compel findings and conclusions. In *State ex rel. Penland v.*

*Dinkelacker,* 2020-Ohio-3774, ¶ 3, the Supreme Court of Ohio clarified "that a trial court's duty to issue findings of fact and conclusions of law with respect to a judgment denying postconviction-relief is an error that may be corrected through appeal, not a defect depriving the appellate court of jurisdiction over the appeal." The Court then overruled *State v. Mapson,* 1 Ohio St.3d 217 (1982), to the extent that it held that a petitioner seeking postconviction-relief may not appeal an adverse judgment unless it contains findings of fact and conclusions of law. Similarly, contentions concerning a trial court's failure to comply with the findings-of-fact requirement of Crim.R. 12(E) are addressed on appeal. *State ex rel. Ross v. State,* 2004-Ohio-1827. Therefore, if Weiss is not satisfied with the respondent's rulings on his motion or his postconviction-relief petition, his remedy is appeal.

{¶ 8} To the extent that Weiss seeks mandamus to compel findings of fact and conclusions of law for the postconviction-relief petition itself, this court declines to issue a mandamus. The writ will not lie to remedy the anticipated nonperformance of a duty. *State ex rel. Home Care Pharmacy, Inc. v. Creasy,* 67 Ohio St.2d 342 (1981). This court notes a serious question may exist as to the timeliness of the petition. Findings of fact and conclusions of law are not required for an untimely petition. *State ex rel. George v. Burnside,* 2008-Ohio-2702, and *State ex rel. Hough v. Saffold,* 2012-Ohio-28, ¶ 4.

{¶ 9} Because mandamus may not control judicial discretion, this court declines to issue the writ to compel an evidentiary hearing or to dictate the time for holding such a hearing.

{¶ 10} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 11} Writ denied.

---

KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR